

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

April 27, 2005

Peter Ball, Esq.
Sally & Fitch LLP
225 Franklin Street
Boston, MA 02110

Re: Franklin Robert Hill       CR05-10111-RBC

Dear Mr. Ball:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Franklin Robert Hill ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.   Entry of Guilty Plea

    At the earliest practical date, Defendant shall plead guilty to all counts in the Information captioned United States v. Franklin Robert Hill. Defendant expressly and unequivocally admits that he in fact committed the crimes charged in the Information, and is in fact guilty of those offenses. These guilty pleas are in full satisfaction of all criminal charges that could be brought against the defendant by the U.S. Attorney based on conduct involving the April 27, 2003 oil spill in Buzzards Bay which (a) was the subject of the investigation by the grand jury and (b) was known to the U.S. Attorney prior to the date of the execution of this agreement.

    2.   Penalties

    Defendant faces the following maximum penalties: as to Count One, charging the defendant with violating the Clean Water Act, 33 U.S.C. §§ 1319(c)(1) and 1321(b)(3): one year incarceration, a minimum $2,500 fine and a maximum of twice the loss occasioned by his conduct under 18 U.S.C. § 3571(d); one year supervised

release; and a special assessment of $25; and as to Count Two, charging the defendant with violating the Migratory Bird Treaty Act, 16 U.S.C. §§ 703, 707(a): six months incarceration; a fine of twice the loss occasioned by his conduct; and a $10 special assessment.

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a). The defendant reserves the right pursuant to Booker and Fanfan to seek a sentence that is outside the applicable guideline range, as determined by the Court.

The parties will take the following positions at sentencing with respect to the application of the United States Sentencing Guidelines (November 2002 edition) ("USSG") to Count One:

(a)  The parties agree that the base offense level is 6.  See USSG § 2Q1.3(a).

(b)  The parties agree that the offense level should be raised four levels because the offense involved a discharge of a pollutant.  See USSG § 2Q1.3(b)(1)(B).

(c)  The parties agree that the offense level should be raised four additional levels because the cleanup of the spill caused by the defendant required a substantial expenditure.  See USSG § 2Q1.3(b)(3).

(d)  The parties agree that the offense level should be reduced two levels based on the defendant's acceptance of responsibility for the offense.  See USSG § 3E1.1(a)(2).

(e)  The parties agree that the total offense level is 12.

(f)  The defendant may seek a departure pursuant to USSG § 2Q1.3, Application Note 3 on the ground

2

        that the offense involved negligent conduct. The government reserves the right to oppose such a departure request.

The defendant acknowledges that the guidelines do not apply to his conviction under the Migratory Bird Treaty Act. See USSC § 1B1.9.

The U.S. Attorney and Defendant agree that there is no other basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except that the defendant may move for a downward departure on the following grounds:

1) That the defendant's conduct involved a single act of aberrant behavior;

2) That the defendant's family circumstances are extraordinary; and

3) That the defendant will face collateral consequences as a result of his guilty plea.

Based on what the government now knows, it will oppose such departure motions. Other than on these grounds and on the basis set forth in paragraph (f), above, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

The defendant shall serve his motion for downward departure on the government no later than twenty-one days before his sentencing. The defendant hereby represents that he will not be submitting expert testimony or reports in support of his motion, but reserves the right to offer expert testimony in rebuttal to any expert testimony offered by the government.

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. §4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the government may contend that an upward departure under §4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

As noted, based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and

information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime;

(i) Transfers any asset protected under any provision of this Agreement; and/or

(j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility

4

adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

The U.S. Attorney shall recommend a sentence within the applicable guideline range.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

7. Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

8. Civil Liability

By entering into this Agreement, the U.S. Attorney does not

5

compromise any civil or administrative liability which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

9. Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

10. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer letters dated May 21, 2003 and November 13, 2003 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Agreement</u>

This letter contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letters dated May 21, 2003 and November 13, 2003. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letters dated May 21, 2003 and November 13, 2003. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Jonathan F. Mitchell.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
MICHAEL K. LOUCKS
First Assistant U.S. Attorney

JONATHAN F. MITCHELL
Assistant U.S. Attorney

PETER KENYON
Senior Criminal Enforcement Counsel
Environmental Protection Agency

COMMANDER STEVEN STANCLIFF
District Legal Officer
First District
United States Coast Guard

7

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

```
                              _____
                              Franklin Robert Hill
                              Defendant

                              Date:_____
```

I certify that Franklin Robert Hill has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

```
                              _____
                              Peter Ball, Esq.
                              Attorney for Defendant

                              Date:_____
```