UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FRANKLIN ROBERT HILL, )<br>)<br>Defendant. )<br>) | Criminal No. 05-10111-RBC |

### DEFENDANT FRANKLIN ROBERT HILL'S MOTION FOR A DOWNWARD DEPARTURE FROM THE TOTAL OFFENSE LEVEL

Defendant Franklin Robert ("Bob") Hill hereby moves the Court to downwardly depart from the Total Offense Level calculated under the Federal Sentencing Guidelines. In support of this Motion, Mr. Hill states the following:

1. This case arises from the April 27, 2003 Buzzards Bay oil spill. Mr. Hill was the first mate on the tugboat that was towing the oil barge that struck a ledge and consequently leaked oil.

2. On May 24, 2005, pursuant to a Plea Agreement with the government, Mr. Hill tendered his plea of guilty to both counts of a misdemeanor Information which alleges negligent conduct by Mr. Hill. Count One charges Mr. Hill with violating the Clean Water Act, 33 U.S.C. §§1319(c)(1) and 1321(b)(3); Count Two charges Mr. Hill with violating the Migratory Bird Treaty Act, 16 U.S.C. §§703 and 707(a).

3. The Court did not take Mr. Hill's guilty plea at the May 24 hearing, but instead scheduled the plea allocution for September 21, 2005 to be followed immediately by Mr. Hill's sentencing. The Court subsequently moved the date of the plea allocution and sentencing to September 20, 2005.

4.  At Mr. Hill's sentencing, he will ask the Court to downwardly depart from the U.S.S.G. Total Offense Level, which the parties and the Probation Department agree should be Level 12. Assuming that the Court agrees that the Total Offense Level should be 12, Mr. Hill will ask the Court to make a total departure of at least four levels so that the Total Offense Level is no higher than Level 8. (Mr. Hill's Criminal History Category is I.) The grounds for the downward departure that Mr. Hill will request are set out below.

5.  Pursuant to Application Note 3 to U.S.S.G. §2Q1.3, which applies to the Clean Water Act violation (Count I),[1] Mr. Hill will ask the Court to downwardly depart inasmuch as Mr. Hill's crime is one of negligence. Because U.S.S.G. §2Q1.3 applies to crimes involving intentional as well as negligent conduct, the Application Notes (at 3) explicitly state that the Specific Offense Characteristics – which pursuant to calculations agreed to by the parties and the Probation Department total 8 points[2] - "assume knowing conduct". Accordingly, the Application Notes specifically allow a downward departure for negligent conduct such as that to which Mr. Hill is pleading guilty here.

6.  Pursuant to U.S.S.G. §5K2.20, Mr. Hill will also ask the Court to downwardly depart on the grounds that the offense here is "a single criminal occurrence or single criminal transaction" that was committed without significant planning, was of limited duration, and represented a marked deviation from an otherwise law-abiding life.

---

[1] Because the Migratory Bird Treaty Act violation (Count II) is a Class B misdemeanor, the Sentencing Guidelines do not apply to the offense. See U.S.S.G. §1B1.9

[2] The Specific Offense Characteristics here are the discharge of a pollutant (+4 per §2Q1.3(b)(1)(B)) and the substantial expenditure required for the clean-up (+4 per §2Q1.3(b)(3)).

Section 5K2.20 allows the Court to depart downwardly where a defendant engages in intentional, knowing and willful criminal conduct if that conduct is aberrational. The departure certainly is appropriate where the defendant's crime is based on mere negligence, particularly where, as here, the defendant is a man of unquestionable character and a hardworking law-abiding citizen with an excellent record as a licensed seaman.

7. Mr. Hill will also seek a downward departure on the grounds that he has suffered, and will continue to suffer, substantial collateral consequences as a result of this crime of negligence. Mr. Hill lost his job and for the two years following the oil spill that has given rise to this prosecution, was unable to find suitable replacement work. This has caused severe financial hardship for Mr. Hill and his family and led to Mr. Hill filing for bankruptcy protection. When the criminal prosecution is complete, Mr. Hill faces near-certain administrative action by the Coast Guard that could result in a suspension of his license.

8. In further support of this Motion, Mr. Hill will provide the Court with a Sentencing Memorandum after the Probation Department has prepared a final Pre-Sentence Report and before Mr. Hill's sentencing.

Respectfully submitted,

FRANKLIN ROBERT HILL

By his attorneys,

/s/ Ball
_____
Peter Ball (BBO #546031)
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
Ph: (617) 542-5542
Fx: (617) 542-1542
E-mail: peb@sally-fitch.com

Dated: August 31, 2005

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 31, 2005, he caused a true copy of the above document to be served by hand on counsel for the government.

/s/ Ball
_____
Peter Ball