UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FRANKLIN ROBERT HILL, )<br>)<br>Defendant. )<br>) | Criminal No. 05-10111-RBC |

### DEFENDANT FRANKLIN ROBERT HILL'S
### MOTION TO IMPOUND HIS SENTENCING MEMORANDUM

Pursuant to Local Rule 7.2, Defendant Franklin Robert Hill respectfully requests that until further order of the Court, the Sentencing Memorandum he intends to file be impounded and not be placed unsealed in the public file. In support of this Motion, Mr. Hill states the following:

1. On May 24, 2005, pursuant to a Plea Agreement with the government, Mr. Hill tendered his plea of guilty to both counts of a misdemeanor Information which alleges negligent conduct by Mr. Hill. Count One charges Mr. Hill with violating the Clean Water Act, 33 U.S.C. §§1319(c)(1) and 1321(b)(3); Count Two charges Mr. Hill with violating the Migratory Bird Treaty Act, 16 U.S.C. §§703 and 707(a).

2. The Court did not take Mr. Hill's guilty plea at the May 24 hearing, but instead scheduled the plea allocution for September 21, 2005 to be followed immediately by Mr. Hill's sentencing. The Court subsequently moved the date of the plea allocution and sentencing to September 20, 2005.

3. On or about August 31, 2005, Mr. Hill filed a Motion for a Downward Departure from his Total Offense Level. In that Motion, Mr. Hill stated that he would provide

further support for his requested downward departure in a forthcoming Sentencing Memorandum.

4.      The Sentencing Memorandum has been prepared and Mr. Hill intends to file it with the Court. Prior to doing so, however, Mr. Hill seeks an order impounding the Memorandum.[1] (Notwithstanding that he is not yet filing the Sentencing Memorandum, Mr. Hill is nevertheless serving it at this time on the government and on the Probation Department. Mr. Hill is also providing the Court with a courtesy copy at this time so that the Court will have the opportunity to review the Memorandum prior to Mr. Hill's September 20, 2005 sentencing.)

5.      The reason Mr. Hill seeks to have the Memorandum impounded is because it contains highly personal and confidential information about Mr. Hill, his family and their finances. This is the same type of information that is contained in the Pre-Sentence Report, which is not publicly disclosed.

6.      The public's right to access court filings is not unlimited. For example, in In re Boston Herald, 321 F.3d 174, 190-191 (1st Cir. 2003), the First Circuit held that the Magistrate-Judge properly sealed personal financial information submitted in connection with a criminal defendant's Criminal Justice Act application for a court-appointed lawyer because the defendant's right to privacy outweighed any First Amendment rights or the common law "right to access". Likewise, Mr. Hill's right to keep sensitive personal and financial details about himself and his family private outweighs any countervailing First Amendment or common law concerns.

---

[1] Local Rule 7.2(d) requires that "[m]otions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded, unless the court orders otherwise."

7.      For the foregoing reasons, Mr. Hill contends that there is "good cause" to impound his Sentencing Memorandum indefinitely, until further order of the court.[2] Mr. Hill does not object to the Sentencing Memorandum being maintained under seal in the court file.[3]

WHEREFORE Defendant Franklin Robert Hill respectfully requests that until further order of the Court, the Sentencing Memorandum he intends to file be impounded and not be placed unsealed in the public file.

Respectfully submitted,

FRANKLIN ROBERT HILL

By his attorneys,

/s/ Peter Ball
Peter Ball (BBO #546031)
SALLY & FITCH LLP
225 Franklin Street
Boston, MA 02110
Ph: (617) 542-5542
Fx: (617) 542-1542
E-mail: peb@sally-fitch.com

Dated: September 14, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 14, 2005, he caused a true copy of the above document to be served by hand on counsel for the government.

/s/ Peter Ball
Peter Ball

---

[2] Local Rule 7.2(a) reads, in part: "Whenever a party files a motion to impound, the motion shall contain a statement of the earliest date on which the impounding order may be lifted, or a statement, supported by good cause, that the material should be impounded until further order of the court."

[3] Local Rule 7.2(a) reads in pertinent part that "the motion [to impound] shall contain suggested custody arrangements for the post-impoundment period."

3

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Peter E. Ball, counsel for Defendant Franklin Robert Hill, hereby certify that I have conferred with counsel for the government in an attempt to resolve or narrow the issues raised in this Motion.

/s/ Peter E. Ball
Peter E. Ball

4