UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,,

                Plaintiff,

    v.

FRANKLIN ROBERT HILL,

                Defendant.

CRIMINAL ACTION
NO. 05-10111-RBC

### GLOBE NEWSPAPER COMPANY, INC.'S OPPOSITION TO DEFENDANT'S MOTION TO IMPOUND HIS SENTENCING MEMORANDUM

Globe Newspaper Company, Inc. (the "Globe") respectfully submits this opposition to defendant Franklin Robert Hill's motion to impound his sentencing memorandum. As grounds for its opposition, the Globe states as follows:

1.    The public's common law and constitutional and right of access to judicial records is well-established. See e.g., Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978); Federal Trade Commission v. Standard Financial Management Corp, 830 F.2d 404, 410 (1st Cir. 1987) (recognizing common law right of access); Globe Newspaper Co. v. Pokaski, 868 F.2d 497, 502 (1st Cir. 1989) (First Amendment right of access attaches to records of completed criminal proceedings); In re Globe Newspaper Co., 729 F.2d 47, 59 (1st Cir. 1984) (First Amendment right of access applies to documents filed in connection with bail hearing).

2.    Under the First Amendment, public access to a judicial record cannot be restricted absent findings that such an order is "essential to preserve higher values and is narrowly tailored to serve that interest." Press-Enterprise II, 478 U.S. at 13-14; Pokaski, 868 F.2d at 505. Indeed, although "[n]o right ranks higher

than the right of the accused to a fair trial," Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 508 (1984) ("Press-Enterprise I), even where fair trial rights are at stake, a closure order is proper "only if specific findings are made demonstrating that, first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights." Press-Enterprise II, 478 U.S. at 14. See generally CBS, Inc. v. United States District Court for the Central District of California, 765 F.2d 823 (9th Cir. 1985) (Kennedy, J.) (First Amendment right of access applies to post-conviction motion to reduce sentence).

3.    Similarly, the public's common law right of access is "no paper tiger," Standard Financial Management, 830 F.2d at 410. The party seeking to seal bears the burden of persuasion. Standard Financial Management, 830 F.2d at 411; Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). "Only the most compelling reasons can justify non-disclosure of judicial records." In re Knoxville News-Sentinel Co., 723 F.2d 470, 476 (6th Cir. 1983).    Conclusory assertions of the need for closure are not accepted as surrogates for hard facts, and doubts are to be resolved in favor of public access. Continental Illinois Securities Litigation, 732 F.2d at 1313; Standard Financial Management, 830 F.2d at 412; Siedle v. Putnam Investments, Inc., 147 F.3d 7, 10 (1st Cir. 1998). See generally United States v. Gonzalez, 927 F.Supp. 768 (D. Del. 1996) (public has both common law and constitutional right of access to documents filed in support of motion for new trial).

4.    "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 572 (1980). In this case, the sentencing of the defendant is perhaps the "final and most important

- 2 -

step in the criminal proceeding." Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 12 (1986) ("Press-Enterprise II"). "Similarly, the absence of a jury, long recognized as 'an inestimable safeguard against the corrupt or overzealous prosecutor and against the compliant, biased, or eccentric judge,' [citation omitted], makes the importance of public access to [the sentencing papers] even more significant." 478 U.S. at 12-13. See also Pokaski, 868 F.2d at 502 ("without access to documents the public often would not have a 'full understanding' of the proceeding and therefore would not always be in a position to serve as an effective check on the system.") (citation omitted). Public interest in the basis for the Court's sentencing decision therefore is exceedingly high.

5.     As Justice Kennedy, then sitting on the Ninth Circuit Court of Appeals, stated in holding that the public's First Amendment right of access applied to documents filed in support of a motion to reduce a sentence:

> The penal structure is the least visible, least understood, least effective part of the justice system; and each such failure is consequent from the others. Public examination, study, and comment is essential if the corrections process is to improve. Those objectives are disserved if the government conceals its position on so critical a matter as the modification of a felony sentence in a celebrated case.

CBS, 765 F.2d at 826. See generally United States v. Gonzalez, 927 F.Supp. 768 (D. Del. 1996) (public has both common law and constitutional right of access to documents filed in support of motion for new trial); United States v. Gotti, 322 F.Supp.2d 230 (E.D.N.Y. 2004) (common law right of access applies to letters submitted to court by third parties in connection with sentencing hearing).

6.     Judge Wolf recently reached a similar conclusion in granting the public access to tape recordings of a defendant's phone calls made while incarcerated where the recordings were considered by the Court in deciding a re-sentencing issue. See Ferrara v. United States, Civ. No. 00-11693-MLW (Slip Ops. of May 17

and May 24, 2005).

7.    The defendant seeks an impoundment order to protect his privacy interests in financial information. It is axiomatic, however, that there can be no invasion of privacy when publicity about an individual involves a matter of legitimate public interest. Restatement (Second) of Torts § 652D comment (1977). While those involved in criminal proceedings may wish it otherwise, they are very much legitimate subjects of public concern. In the words of the Restatement, "[t]hose who commit crime or are accused of it may not only not seek publicity but may make every possible effort to avoid it, but they are nevertheless persons of public interest, concerning whom the public is entitled to be informed. The same is true of those who are ... involved in judicial proceedings or other events that attract public attention." Restatement (Second) or Torts, § 652D comment f (1977). See generally Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 492 (1975).

8.    The information at issue was submitted to the Court because of its relevance to the sentencing decision. That relevance means the public's interest in understanding the basis for the Court's decision outweighs any privacy interest of the defendant. See Standard Financial Management Corp, 830 F.2d 404 (public had common law right of access to personal financial statements submitted by defendants to the court in connection with decision whether to approve a consent decree).

9.    The First Circuit's decision in In re Boston Herald, Inc., 321 F.3d 174 (1st Cir. 2003) is not relevant to the issue now before this Court. The First Circuit's decision made clear that a court's ruling on eligibility for Criminal Justice Act funds is not the type of judicial decision to which the public's right of access applies. A sentencing decision is squarely within the Court's historical judicial function, triggering the public's constitutional and common law right of access.

Accordingly, the Globe respectfully requests that the Court deny the

- 4 -

LITDOCS/615835.1

defendant's motion to impound his sentencing memorandum.

**OF COUNSEL:**

David E. McCraw, Esq.
**The New York Times Company**
229 West 43rd Street
New York, NY 10036
(212) 556-4031

**GLOBE NEWSPAPER COMPANY, INC.,**

By its attorneys,

/s/Jonathan M. Albano
Jonathan M. Albano, BBO#013850
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

Dated: September 20, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail-hand on _____

- 5 -