UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)<br>FRANKLIN ROBERT HILL,       )<br>)<br>        Defendant.     )<br>) | Criminal No. 05-10111-RBC |

**DEFENDANT FRANKLIN ROBERT HILL'S MOTION FOR A
MODIFICATION OF THE CONDITIONS OF HIS SUPERVISED RELEASE**

Defendant Franklin Robert ("Bob") Hill hereby moves the Court, pursuant to 18 U.S.C. §3583(e)(2), to modify the conditions of his Supervised Release to allow him to work outside the Middle District of Florida and outside the United States. Mr. Hill further moves that the U.S. Probation Department be ordered to return Mr. Hill's passport to him in the event that he secures employment that requires him to travel outside the United States.

For the Court's convenience, a proposed Order is attached hereto at **Exhibit A**.

In support of this Motion, Mr. Hill states the following:

1.  As the Court will recall, this case arises from the April 27, 2003 Buzzards Bay oil spill. Mr. Hill was the first mate on the tugboat that was towing the oil barge that struck a ledge and consequently leaked oil.

2.  Pursuant to a Plea Agreement with the government, Mr. Hill pled guilty to both counts of a misdemeanor Information which alleged negligent conduct by Mr. Hill. Count One charged Mr. Hill with violating the Clean Water Act, 33 U.S.C. §§1319(c)(1)

and 1321(b)(3); Count Two charged Mr. Hill with violating the Migratory Bird Treaty Act, 16 U.S.C. §§703 and 707(a).

3. On September 20, 2005, the Court sentenced Mr. Hill to a five-month prison term to be followed by a one-year term of supervised release.

4. At the time he was sentenced, Mr. Hill surrendered his passport to the United States Probation Office in the District of Massachusetts.

5. Following the sentencing, the U.S. Coast Guard brought an administrative proceeding against Mr. Hill. Mr. Hill did not contest the action and, at the Coast Guard's request, the Administrative Law Judge (Fitzpatrick, J.) ordered a suspension of Mr. Hill's license followed by a one-year term of probation during which Mr. Hill's license can be revoked if he commits another infraction. (A copy of the relevant orders of the Coast Guard ALJ are attached hereto collectively at **Exhibit B**.) The suspension of Mr. Hill's license is scheduled to end on or about May 2, 2006.

6. Mr. Hill completed his prison term on or about March 20, 2005, and he is currently on supervised release.

7. It is a condition of Mr. Hill's supervised release that he be gainfully employed and, indeed, Mr. Hill is eager to return to work as soon as his Coast Guard license suspension ends.

8. As the Court may recall, prior to his sentencing Mr. Hill had been employed by a Louisiana-based company operating a crew boat in the Gulf of Mexico in Mexico. Mr. Hill believes there is a good chance that he can once again obtain this employment.

9.	Mr. Hill would like to be able to pursue this employment opportunity as well as other opportunities that would have him working in his profession outside the Middle District of Florida where he resides.

10.	The undersigned has spoken with Cliff L. Caver, the United States Probation Officer in the Middle District of Florida who is supervising Mr. Hill during his term of supervised release. Mr. Caver has informed both Mr. Hill and the undersigned that, absent a court order waiving the condition, it is the policy of his office to require that persons on supervised release be employed <u>within</u> the Middle District of Florida.

11.	Pursuant to 18 U.S.C. §3583(e)(2), the Court, after considering the factors set out in 18 U.S.C. §3553(a)(1), (a)(2)(b), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), "may modify, reduce or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release conditions." Rule 32.1(c) of the Federal Rules of Criminal Procedure allows the Court to modify the conditions of supervised release.[1] Section 3583(d) of Title 18 of the United States Code allows the Court to set conditions of supervised release other than those set out elsewhere in Section 3583(d) if the court "considers [those conditions] to be appropriate."

---

[1] A hearing is not required for such modifications if:

    (A) the person waives the hearing; or
    (B) the relief sought is favorable to the person and does not extend the term of probation or supervised release; and
    (C) an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

*See* Fed.R.Civ.P. 32.1(c)(2).

12.     Here, a consideration of the Section 3553 factors – see, e.g., 18 U.S.C. §3553(a)(1)("the nature and circumstances of the offense and the history and characteristics of the defendant") – warrants a modification of the conditions of Mr. Hill's supervised release.  The nature of his profession likely will require Mr. Hill to leave the Middle District of Florida to get appropriate work.  Moreover, Mr. Hill's crime was one of negligence in the operation of a vessel, minimizing the need for the type of supervision normally required for individuals who have committed crimes of intentional wrongdoing.  In addition, Mr. Hill will be on probation with the Coast Guard the entire time he is on supervised release.  Given the nature of the offense here, the Coast Guard is, perhaps, the most appropriate agency to have Mr. Hill under its watch.

13.     The undersigned has communicated with Assistant U.S. Attorney Jonathan Mitchell who has authorized the undersigned to report that the government's position is as follows: "The government does not object to the requested change so long as Probation is in a position to monitor adequately [Mr. Hill's] job performance; that is, [Mr. Hill's] employer must be based in the United States and the Probation officer must have direct access to those who oversee him."

WHEREFORE Defendant Franklin Robert ("Bob") Hill hereby moves the Court, pursuant to 18 U.S.C. §3583(e)(2), to modify the conditions of his Supervised Release to allow him to work outside the Middle District of Florida and outside the United States.  Mr. Hill further moves that the U.S. Probation Department be ordered to return

Mr. Hill's passport to him in the event that he secures employment that requires him to travel outside the United States.

                                        Respectfully submitted,

                                        FRANKLIN ROBERT HILL

                                        By his attorneys,

                                        ___/s/ Peter E. Ball_____
                                        Peter Ball (BBO #546031)
                                        SALLY & FITCH LLP
                                        225 Franklin Street
                                        Boston, MA 02110
                                        Ph: (617) 542-5542
                                        Fx: (617) 542-1542
                                        E-mail: peb@sally-fitch.com

Dated: April 13, 2006

## CERTIFICATION PURSUANT TO LOCAL RULE S 7.1(A)(2) AND 112.1

     I, Peter E. Ball, counsel for Defendant Franklin Robert Hill, hereby certify that I have conferred with counsel for the government in an attempt to resolve or narrow the issues raised in this Motion.

                                        ___/s/ Peter E. Ball_____
                                        Peter E. Ball

## CERTIFICATE OF SERVICE

I, Peter E. Ball, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). There are no non-registered participants to whom paper copies must be sent. However, I have this day caused to be mailed by First-Class U.S. Mail, postage prepaid, a copy of this document to (1) U.S.P.O. Jo Lyness in the United States Probation Office for the District of Massachusetts and (2) U.S.P.O. Cliff L. Caver in the United States Probation Office for the Middle District of Florida.

                                        ___/s/ Peter E. Ball_____
                                        Peter E. Ball

Dated: April 13, 2006

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>FRANKLIN ROBERT HILL, )<br>)<br>Defendant. )<br>) | Criminal No. 05-10111-RBC |

**[PROPOSED] ORDER ON
DEFENDANT FRANKLIN ROBERT HILL'S MOTION FOR A
MODIFICATION OF THE CONDITIONS OF HIS SUPERVISED RELEASE**

Upon the Motion of Defendant Franklin Robert Hill to modify the conditions of his supervised release, it is hereby

ORDERED that the Motion is **ALLOWED**; and it is further

ORDERED that, pursuant to 18 U.S.C. §3583(e)(2), the conditions of Mr. Hill's Supervised Release are hereby modified to allow Mr. Hill to work outside the Middle District of Florida and outside the United States; and it is further

ORDERED that in the event that Mr. Hill secures employment that requires him to travel outside the United States, then the U.S. Probation Department shall return Mr. Hill's passport to him.

SO ORDERED.

_____
Hon. Robert B. Collings
United States Magistrate Judge,
District of Massachusetts

Dated: April ____, 2006

# EXHIBIT B

UNITED STATES OF AMERICA

U.S. DEPARTMENT OF HOMELAND SECURITY
UNITED STATES COAST GUARD

UNITED STATES COAST GUARD

Complainant

vs.

FRANKLIN R. HILL,

Respondent.

Docket Number: CG S&R 05-0567
CG Case No. 2350987

ORDER

**Issued: March 6, 2006**

**Issued by: Peter A. Fitzpatrick, Administrative Law Judge**

1. On December 19, 2005 the Coast Guard submitted a Motion for Summary Decision seeking to have the Respondent's Coast Guard issued license suspended outright for eight months. That suspension is to be followed by a 12 month period of probation. If the Respondent violates a law involving marine safety or illicit drug and alcohol use his license will be REVOKED.

2. The original Complaint was filed October 20, 2005 and an Amended Complaint dated February 3, 2006 was submitted. Respondent's counsel wrote a letter dated February 9, 2006 on Respondent's behalf indicating that there is no objection to the Amended Complaint nor does he contest the factual allegations set out there "or any other matter contained therein." Counsel also states that he does not oppose the Motion for Summary Decision or the sought after sanction


against Mr. Hill's license. Finally, counsel states that is understood that an order granting the relief requested by the Coast Guard will be entered without need for further proceedings.

3. The Coast Guard rules of practice governing the proceeding are codified at 33 CFR 20. One of those provisions authorizes the filing of a Motion for Summary Decision. *See* 33 CFR 20.901. The standard to be met by the movant is (1) that there is no genuine issue of material fact to be decided; and (2) that the moving party is entitled to judgment as a matter of law.

4. In view of the Respondent's agreement with all material facts set out in the Complaint and the sanction sought against Mr. Hill's Coast Guard issued license, there is no remaining material fact that is in dispute. Also, there is no question that the Coast Guard has jurisdiction over the actions of the mariner here pursuant to 46 USC 7703. Accordingly, the Coast Guard's Motion for Summary Decision is hereby **GRANTED**.

5. It is hereby ordered that Franklin Robert Hill's Coast Guard License and Merchant Mariner's Document are hereby Suspended Outright beginning the day when he tenders or tendered those credentials to the Coast Guard Marine Safety Office East Providence, RI. Once that period of suspension has been served, those credentials are to be returned to him. At that point he will serve a period of probation for one year. If, during that period of probation, Mr. Hill violates any law relating to marine safety or to the use of illicit drugs or the abuse of alcohol, his Merchant Mariner's License and Document will be REVOKED.

6. <u>Mr. Hill is to tender those Coast Guard issued credentials to the Marine Safety Office East Providence immediately. Failure to do so will be a violation of this order.</u>

*[signature]*
PETER A. FITZPATRICK
Administrative Law Judge
United States Coast Guard

Done and Dated on March 6, 2006 at
Norfolk, Virginia

## Certificate of Service

I hereby certify that I have this day served the foregoing document(s) upon the following parties and limited participants (or designated representatives) in this proceeding at the address indicated by Facsimile:

CWO R. D. Elliott
Marine Safety Office Providence
20 Risho Avenue
East Providence, RI 02914-1208
Fax: 401-435-2399

Peter E. Ball, Esq.
Sally & Fitch LLP
225 Franklin Street
Boston, MA 02110-2804
Fax: 617-542-1542

*Lucinda H. Shinault, CP*
Lucinda H. Shinault, CP
Certified Paralegal to the Administrative Law Judge

Done and Dated on March 7, 2006 at
Norfolk, VA

UNITED STATES OF AMERICA

U.S. DEPARTMENT OF HOMELAND SECURITY
**UNITED STATES COAST GUARD**

UNITED STATES COAST GUARD

Complainant

vs.

FRANKLIN R. HILL,

Respondent.

Docket Number: CG S&R 05-0567
CG Case No. 2350987

**ORDER OF MODIFICATION**

**Issued: March 10, 2006**

**Issued by: Peter A. Fitzpatrick, Administrative Law Judge**

On March 6, 2006 an Order was issued in this case granting the Coast Guard's Motion for Summary Decision. That Order suspended for eight months outright the Respondent's License and Merchant Mariner's Document and imposed a period of probation for a period of one year. In view of the fact that the Complaint in the case involves the charge of Negligence and the Respondent's operation under his license, the Order should be confined to the suspension of his license only. Accordingly, Mr. Hill's Merchant Mariner's Document was not included in the purview of that Order and the suspension relates only to Mr. Hill's Coast Guard issued license.

PETER A. FITZPATRICK
Administrative Law Judge
United States Coast Guard

Done and Dated on March 10, 2006 at
Norfolk, Virginia

## Certificate of Service

I hereby certify that I have this day served the foregoing document(s) upon the following parties and limited participants (or designated representatives) in this proceeding at the address indicated by Facsimile:

CWO R. D. Elliott
Marine Safety Office Providence
20 Risho Avenue
East Providence, RI 02914-1208
Fax: 401-435-2399

Peter E. Ball, Esq.
Sally & Fitch LLP
225 Franklin Street
Boston, MA 02110-2804
Fax: 617-542-1542

*Lucinda H. Shinault, CP*
Lucinda H. Shinault, CP
Certified Paralegal to the Administrative Law Judge

Done and Dated on March 10, 2006 at
Norfolk, VA

2