UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.  05-10111-RBC |
| | ) | |
| FRANKLIN ROBERT HILL, | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

The government hereby responds to Defendant Franklin Robert Hill's Motion for a Modification of the Conditions of His Supervised Release.

On September 20, 2005, this Court sentenced the defendant to a period of five months incarceration for his role in the April 27, 2003 Buzzards Bay Oil Spill.  The sentence was based on the Court's conclusion that the defendant's failure to navigate the tugboat and barge involved in the spill safely through Buzzards Bay, despite optimal conditions, "was extremely serious negligent conduct rising to the level of recklessness."  See Transcript of Sentencing at 62.

The defendant has completed his term of imprisonment.  Last week, this Office learned in discussions with defense counsel that the Coast Guard suspended the defendant's mariners license for eight months, a term that, according to defense counsel, will end on May 2, 2006.  Although the defendant lives in Central Florida and is supervised by the local Probation office, he now seeks permission to work on a crew boat "outside the United States."

The government objects to the defendant's request insofar as it would undermine the government's ability to monitor him during his term of supervised release.  This Office remains concerned that the defendant continues to pose a maritime safety risk.  As the government

demonstrated at sentencing, the Buzzard Bay spill was hardly an isolated mishap for the defendant.  Rather, the catastrophic spill was the next point in a trajectory of mistakes in the weeks before the spill that included the defendant's slamming a vessel into a dock in Philadelphia, a near collision near the Hells Gate area off Long Island, and the "bird nesting" of the tugboat's tow line the day before the spill.  Masters of other vessels who had worked with the defendant were consistent in their assessment that he was incapable of navigating tugboats without constant supervision.

      Neither this Office nor the Probation Office control the licensing process.  That the defendant is about to be allowed back on the water is now fact.  Given his track record, however, it would be irresponsible not to supervise his return to work as closely as feasible.  At a minimum, the defendant's Probation Officer should ensure that the defendant's new employer is aware of the defendant's track record.  Adequate supervision also requires that the Probation Officer be able to monitor closely his job performance.  This does not mean that the defendant's Probation Officer must stand over his shoulder while at sea, even if he could.  Rather, the Probation Officer should be able to contact directly those with and for whom the defendant works to assess his job performance.  If the Probation Officer learns that the defendant has continued to perform his work negligently, the Probation Officer should be able to report his findings to the Coast Guard and this Court for further action if necessary.

      The defendant's request would thwart Probation's ability to monitor him insofar as he seeks to be employed "outside the United States."  Without a realistic ability to contact his employer and co-workers and make site visits as necessary, the Probation Officer cannot keep tabs on the defendant.  In this way, granting the defendant's motion effectively would nullify his supervised release.  Given the demonstrated risk the defendant has posed to marine safety in the

near past, the Court should insist on close supervision in this case and reject the defendant's request to work "outside the United States".

                                                Respectfully submitted,
                                                MICHAEL J. SULLIVAN
                                                United States Attorney

By:   /s/ Jonathan F. Mitchell
       JONATHAN F. MITCHELL
       Assistant U.S. Attorney

       PETER KENYON
       Senior Criminal Enforcement Counsel
       Environmental Protection Agency